**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOHNNIE SIMMONS**                                                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 2:26-cv-00084-TBM-RPM**

**SOUTH CENTRAL REGIONAL MEDICAL CENTER**
**and JOHN DOES 1-5**                                                          **DEFENDANTS**

---

**DEFENDANT SOUTH CENTRAL REGIONAL MEDICAL CENTER'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

---

COMES NOW South Central Regional Medical Center, ("Defendant" or "the Hospital")

and responds Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a cause of action against the Hospital upon which any relief

can be granted, and, therefore, should be dismissed.

**SECOND DEFENSE**

**ANSWER**

The Hospital denies the introductory paragraph of the Plaintiff's Complaint.  Without

waiving any of the affirmative defenses set forth herein, the Hospital responds to the numbered

paragraphs of the Plaintiff's Complaint as follows:

1.     Paragraph 1 is admitted based upon information and belief.

2.     As to the first paragraph of Paragraph 2, it is only admitted that the Hospital is a

political subdivision of the State of Mississippi, and may be served through its CEO Gregg

Gibbes, at 1220 Jefferson Street, Laurel, Mississippi 39440.  Except as specifically admitted, the

remaining allegations of the first paragraph of Paragraph 2 are denied.

The allegations of the second paragraph of Paragraph 2 do not appear to be directed to the Hospital; therefore, no response in required.  To the extent the allegations of this paragraph attempt to impose any liability on the Hospital, the same are denied.

3.    As to Paragraph 3, the Hospital denies that jurisdiction is appropriate in the Second Judicial District of Jones County, Mississippi.  The Hospital would affirmative aver that jurisdiction is proper in the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. §1331 and §1367.

4.    In response to Paragraph 4, the Hospital only admits attached to her Complaint is an Exhibit "A" and Exhibit "B" that purports to reflect an EEOC Charge and Right-to-Sue Letter.  Except as specifically admitted, the allegations of Paragraph 4 are denied.

5.    As to Paragraph 5, the Hospital admits that Plaintiff was employed by the Hospital on March 5, 2024, and was terminated effective April 25, 2025.  Except as specifically admitted, the allegations of Paragraph 5 are denied.

6.    The allegations of Paragraph 6 are denied.

7.    The allegations of Paragraph 7 are denied as phrased.

8.    The allegations of Paragraph 8 are denied.

9.    The allegations of Paragraph 9 are denied.

10.    The allegations of Paragraph 10 are denied.

11.    The allegations of Paragraph 11 are denied as phrased.

12.    The allegations of Paragraph 12 are denied.

### PRAYER FOR RELIEF

The Hospital denies the allegations of the last unnumbered paragraph beginning "Plaintiff prays," and specifically denies that the Plaintiff is entitled to the remedies requested or an award or judgment of any type, amount, or character whatsoever against the Hospital.

**AND NOW**, having answered the allegations of the Complaint, the Hospital sets forth its additional affirmative defenses as follows:

### THIRD DEFENSE

To the extent Plaintiff's claims and allegations of discrimination and retaliation exceed the reasonable scope of any investigation of any Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") based on the same underlying allegations as set forth in the Complaint, such claims and allegations are barred.

### FOURTH DEFENSE

The Hospital affirmatively asserts all Federal Rules of Civil Procedure 12(b)(1)-(7) defenses for which a good faith legal and/or factual basis exist or may exist.

### FIFTH DEFENSE

Affirmatively and alternatively, and without waiving any other defenses elsewhere asserted herein, the facts having not been fully developed, the Hospital affirmatively asserts any and all defenses as may be applicable in this action, including, but not limited to, each and every defense set out in Rule 8(c) of the Federal Rules of Civil Procedure.

### SIXTH DEFENSE

The Complaint mixes factual allegations with allegations containing legal argument and conclusions which require no response. Admissions or denials of such allegations are, accordingly, difficult, or impossible. Further, many of the allegations of the Complaint are overly broad, vague, conclusory, and include terms which are not defined, not used by the Hospital, and susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted. Additionally, any factual allegation is admitted only with respect to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the Complaint as a whole.

**SEVENTH DEFENSE**

Plaintiff is not entitled to recover costs, attorney's fees, punitive damages or damages for intentional infliction of mental distress, nor is Plaintiff entitled to any expungement, restraining order, injunctive or declaratory relief.

**EIGHTH DEFENSE**

The Hospital has not engaged in any acts, practices, policies, customs, or usages which have denied, abridged, withheld, conditioned, limited, segregated, classified, or otherwise interfered with the rights of Plaintiff or which would have deprived or tended to deprive Plaintiff of Plaintiff's equal employment opportunities.

**NINTH DEFENSE**

The Hospital affirmatively pleads the defenses of waiver, unclean hands, acquiescence, compromise, release, judgment, set off, compensation, ratification, judicial estoppel, collateral estoppel, laches and/or res judicata.

**TENTH DEFENSE**

The Hospital invokes the defense of undue hardship.

**ELEVENTH DEFENSE**

Plaintiff could not perform the essential functions of the job.

**TWELFTH DEFENSE**

Defendant at all times conducted itself in good faith, lawfully, and acted within the parameters of the law.

**THIRTEENTH DEFENSE**

The actions or inactions on the part of the Plaintiff, including her improper conduct was the sole, proximate and only cause of the incidents complained of and the alleged damages, if any, sustained by the Plaintiff.

## FOURTEENTH DEFENSE

Defendant at all times conducted itself in good faith, lawfully, and acted within the parameters of the law.

## FIFTEENTH DEFENSE

The Plaintiff had a duty to mitigate damages, if any. Any damages which could have been mitigated are not recoverable.

## SIXTEENTH DEFENSE

Any employment action taken was for legitimate, non-discriminatory, and non-retaliatory reasons.

## SEVENTEENTH DEFENSE

Plaintiff failed to engage in the interactive process.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all times material to this action and the allegations set forth in the Complaint, the Hospital acted lawfully and did not deny Plaintiff any rights under federal, state, or local law.

## NINETEENTH DEFENSE

The Hospital denies each and every material allegation of the Complaint by which Plaintiff seeks to impose liability upon it, and denies that it was guilty of any action, fault, or want of care in the premises and was in no way negligent and is in no way liable to Plaintiff herein.

## TWENTIETH DEFENSE

The Hospital invokes the provisions of Miss. Code Ann. §11-46-1 (Supp. 1996), *et seq.*

## TWENTY-FIRST DEFENSE

The negligence, want of care, and/or legal fault of any persons and/or entities for whom the Hospital is not and may not be held responsible, including Plaintiff, were intervening and superseding causes of Plaintiff's alleged damages, thus completely barring and/or reducing any recovery against the Hospital.

## TWENTY-SECOND DEFENSE

The legal fault, contributory negligence, comparative negligence, and/or want of care on the part of circumstances, persons and/or entities, for which or for whom the Hospital is not responsible, including Plaintiff, contributed to the causation of Plaintiff's alleged damages and completely bars and/or comparatively reduces any liability on the part of Hospital.

## TWENTY-THIRD DEFENSE

The Hospital is entitled to an offset against Plaintiff's alleged damages by any amounts Plaintiff earned or should have earned in the exercise of reasonable diligence and by all other amounts of damages Plaintiff allegedly suffered through Plaintiff's failure to mitigate Plaintiff's damages.

## TWENTY-FOURTH DEFENSE

The Hospital is entitled to all just and lawful offsets and credits against damages (if any) to which Plaintiff may be entitled.

## TWENTY-FIFTH DEFENSE

The Hospital affirmatively pleads and asserts that Plaintiff's damages claim is subject to any applicable statutory or jurisprudential limitations on such damages.

## TWENTY-SIXTH DEFENSE

The Hospital pleads the applicable provisions of Miss. Code Ann. §11-1-58 (as amended), §11-1-59 (as amended) and §11-1-60 (as amended).

## TWENTY-SEVENTH DEFENSE

To the extent applicable, the Hospital pleads all applicable statutes of limitations.

## TWENTY-EIGHTH DEFENSE

The injuries and damages alleged in the Complaint, if any, were the result of actions of persons or third parties for whom the Hospital is not responsible or liable, including, but not limited to, Plaintiff's own actions.

## TWENTY-NINTH DEFENSE

While it is specifically denied that the Hospital was negligent in any manner which caused or contributed to the injuries and/or damages of the Plaintiff, if any, in the alternative, the Hospital would show that the sole proximate cause, or in the alternative, a proximate contributing cause of the incident in question and the Plaintiff's damages, if any, were the acts or omissions of the Plaintiff.

## THIRTIETH DEFENSE

Plaintiff is not entitled to liquidated, punitive, and/or exemplary damages because all actions taken toward Plaintiff by the Hospital were made in good faith and with reasonable grounds to believe that its acts or omissions complied with applicable law, and Plaintiff cannot show that the Hospital willfully violated any law with respect to its treatment of her.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she failed to properly and timely exhaust her administrative remedies pursuant to MS Code Ann. §§ 37-9-59 and 37-9-111 .

## THIRTY-SECOND DEFENSE

Plaintiff's claims against the Hospital are barred by the expiration of the applicable statute of limitations and/or laches periods.

### THIRTY-THIRD DEFENSE

The Hospital is entitled to all reasonable damages, attorney's fees, and costs allowed by statute, jurisprudential precedent, or deemed appropriate by this Honorable Court which authorize recovery of damages, attorney fees, and costs incurred due to the unfounded allegations asserted by Plaintiff against the Hospital.

### THIRTY-FOURTH DEFENSE

The after-acquired evidence rule denies or limits in part the damages, if any, recoverable by Plaintiff.

### THIRTY-FIFTH DEFENSE

The Hospital's actions, should the Hospital be found to have taken any actions affecting Plaintiff, were in good faith and not malicious, egregious, in bad faith, or in willful and reckless indifference or disregard of any legal rights of Plaintiff.

### THIRTY-SIXTH DEFENSE

Plaintiff is not entitled to an award of pre-judgment interest.

### THIRTY-SEVENTH DEFENSE

Plaintiff is not entitled to recover interest from each work week compensation was not paid.

### THIRTY-EIGHTH DEFENSE

The Mississippi Tort Claims Act ("MTCA") is the sole and exclusive remedy against a governmental entity or its employees in any civil action or civil proceeding. The Hospital hereby affirmatively assert all Mississippi Rules of Civil Procedure ("MRCP") 12(b)(1)-(7) defense and all substantive and procedural defenses available for which a good faith legal and/or factual basis exist or may exist in their favor as set forth in Mississippi Code Annotated sections 11-46-1, et seq., specifically including Mississippi Code Annotated sections 11-46-3, 11-46-5, 11-46-7, 11- 46-9, 11-46-11, 11-46-13, and 11-46-15. Included in these defenses is the Hospital's right to a non-jury trial by the Court,

which is hereby prayed for. To the extent the Plaintiff's Complaint or any subsequently filed pleading may seek a trial by jury, the Hospital moves the Court to strike any such jury demand on the basis that the same is prohibited.

### THIRTY-NINTH DEFENSE

As the facts of this case have not been fully developed, Defendant pleads the following affirmative defenses as may be applicable to this action: accord and satisfaction, arbitration and award, assumption of risk, comparative negligence, contributory negligence, discharge in bankruptcy, duress, election of remedies, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

### FORTIETH DEFENSE

Plaintiff cannot establish a causal connection between any protected activity and her termination.

### FORTY-FIRST DEFENSE

Plaintiff's claim for termination in violation of public policy is not recognized under Mississippi law under these circumstances, particularly where comprehensive statutory schemes such as Title VII and the FMLA provide the exclusive remedies for the alleged conduct, and is further barred, limited, or superseded by the Mississippi Tort Claims Act.

### FORTY-SECOND DEFENSE

Plaintiff agreed, as a condition of employment, to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to her application or candidacy for employment, employment, and or cessation of employment with the Hospital exclusively by final and binding arbitration before a neutral arbitrator, including claims under Title VII, the ADA, and other

federal and state laws. Accordingly, Plaintiff's claims are subject to mandatory binding arbitration and this action should be dismissed and or stayed in favor of arbitration.

### FORTY-THIRD DEFENSE

To the extent Plaintiff asserts claims for sexual harassment or hostile work environment, such claims are barred because the alleged conduct does not rise to the level of severe or pervasive harassment as a matter of law, the Hospital exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of the Hospital's complaint and grievance procedures.

### FORTY-FOURTH DEFENSE

To the extent Plaintiff asserts claims under the Family and Medical Leave Act in connection with her April 2025 medical event and related absences, such claims are barred because Plaintiff was not entitled to FMLA leave under applicable eligibility requirements, did not provide proper notice, and or was afforded all leave to which she was entitled.  Plaintiff cannot show that the Hospital interfered with any FMLA right or retaliated against her for exercising FMLA rights, or that any protected leave was a motivating factor in the termination of her employment.

### FORTY-FIFTH DEFENSE

Plaintiff's employment was contingent on truthful completion of background-check documentation and compliance with applicable criminal-history reporting obligations. To the extent Plaintiff misrepresented or omitted material information regarding her criminal history or other background information, such conduct provides an independent, lawful basis for limiting or precluding any relief under the after-acquired-evidence doctrine and or principles of unclean hands.

**FORTY-SIXTH DEFENSE**

Although denying Plaintiff has properly pled or is entitled to punitive damages or any other relief whatsoever against the Hospital, the Hospital affirmatively pleads that:

a. Plaintiff's claim for punitive damages is barred because the Hospital's alleged acts or omissions do not to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff of her protected rights, and are not so wanton or willful as to support an award of punitive damages;

b. An award of punitive damages in this civil action amounts to a depravation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

c. An award of punitive damages in this civil action pursuant to procedures that fail to provide a reasonable limit on the amount of the award and/or fail to provide specific standards or guidelines for the amount of the award violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

d. The criteria used for determining whether, and in what amount, punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution;

e. An award of punitive damages in this civil action amounts to an excessive fine in violation of the Eighth Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

f. An award of punitive damages in this civil action violates the equal protection provisions of the Fourteenth Amendment in that such a sanction is discriminatory and arbitrary in penalizing the Hospital on the basis of assets;

g. To the extent that the Hospital is subjected to a criminal sanction through punitive damages, the burden of proof required to impose the same should be proved "beyond a reasonable doubt," and punitive damages should not be awarded without affording the Hospital the full range of criminal procedural safeguards afforded by the Fourth, Fifth and Sixth Amendments to the United States Constitution;

h. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which violates the due process clause of the Fifth

and Fourteenth Amendments to the United States Constitution, the equal protection clause of the Fourteenth Amendment to the United States Constitution and Section 14 of the Mississippi Constitution;

i.  An award of punitive damages violates Article 1, Section X of the United States Constitution;

j.  An award of punitive damages in this civil action violates similar and related provisions, as noted above, of the Constitution of the State of Mississippi; and

k.  Any award of punitive damages must comply with Miss. Code Ann. §11-1-65.

And now, having fully answered the allegations of Plaintiff's Complaint and fully stated its affirmative defenses, Defendant South Central Regional Medical Center moves that said Complaint be fully and finally dismissed and that all attorney's fees and costs thereof be assessed to the Plaintiff.

THIS the **23rd** day of **June, 2026.**

**SOUTH CENTRAL REGIONAL MEDICAL CENTER, DEFENDANT**

By:    s/Richard O. Burson

**Its Attorney**

**RICHARD O. BURSON - MSB #7580**
**RYAN J. MITCHELL - MSB #100026**
**BURSON ENTREKIN ORR MITCHELL & LACEY PA**
535 North Fifth Avenue
P.O. Box 1289
Laurel, MS  39441-1289
Phone: 601-649-4440
Fax:    601-649-4441
Email: burson@beolaw.com
        mitchell@beolaw.com

## CERTIFICATE OF SERVICE

I, Richard O. Burson, attorney for defendant, South Central Regional Medical Center, do hereby certify filed the above and foregoing using the Court's CM/ECF filing system, which will send a true and correct copy to all counsel of record.

This, the **23rd** day of **June, 2026.**

s/Richard O. Burson
RICHARD O. BURSON